13-685
Liu v. Holder

BIA
Christensen, IJ
A089 714 514

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand fourteen.

PRESENT:
            RALPH K. WINTER,
            GUIDO CALABRESI,
            ROSEMARY S. POOLER,
                 *Circuit Judges.*

_____

LIYU LIU, AKA LIYU LUI,
            *Petitioner,*

            v.                              13-685
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Luis E. Perez, Senior
                       Litigation Counsel; E. Tayo Otunla,
                       Trial Attorney, Office of
                       Immigration Litigation, U.S.
                       Department of Justice, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liyu Liu, a native and citizen of the People's Republic of China, seeks review of a February 6, 2013, decision of the BIA, affirming the January 31, 2011, decision of Immigration Judge ("IJ") Jesse B. Christensen, denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liyu Liu*, No. A089 714 514 (B.I.A. Feb. 6, 2013), *aff'g* No. A089 714 514 (Immig. Ct. N.Y. City Jan. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a

credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's determination that Liu was not credible.

First, as to her Falun Gong claim, the agency reasonably relied on Liu's demeanor, noting that she was evasive when responding to basic questions about her distribution of Falun Gong fliers and whether she would practice Falun Gong if removed to China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Those findings are supported by the hearing transcript. In addition, the agency reasonably noted inconsistencies in her testimony and corroborating evidence regarding police visits to her house following her involvement with Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3. In light of her demeanor and inconsistent evidence in this regard, the agency reasonably questioned the plausibility of her testimony that she knowingly risked

3

persecution to distribute Falun Gong fliers even though she was not herself a practitioner at the time. *See Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008).

In finding her not credible as to her family planning claim, the agency reasonably relied on the fact that Liu failed to state at her credible fear interview that she had been forcibly sterilized in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3; *Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir. 2005). As the agency found, the record of Liu's credible fear interview was sufficiently reliable because it included a typed verbatim transcript of the questions asked and answered with the assistance of a translator, indicated that the interviewer explained the reasons for the interview, and posed questions designed to elicit information regarding a potential asylum claim. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). The agency was not compelled to credit Liu's explanation for the omission. *See Majidi,* 430 F.3d at 80.

Based on these findings, the agency reasonably found Liu not credible, and denied her asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 165-66; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk